**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**

| | |
|---|---|
| MICHAEL MILLER and MAGDALENA MILLER, husband and wife,<br><br>Plaintiffs,<br><br>vs.<br><br>TLC RESORTS VACATION CLUB, LLC.,<br><br>Defendant. | Case No.: 4:18-CV-70-JHM<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL**<br><br>1. TELEPHONE CONSUMER PROTECTION ACT [47 U.S.C. § 227 et. seq.]<br>2. KENTUCKY CONSUMER PROTECTION ACT [KRS 367.170]<br>3. INVASION OF PRIVACY – INTRUSION UPON SECLUSION |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Michael Miller and Magdalena Miller, husband and wife ("Plaintiffs"), through their attorneys, allege the following against TLC Resorts Vacation Club, LLC. ("Defendant").

**INTRODUCTION**

1. Count I of Plaintiffs' Complaint is based upon the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. The TCPA is a federal statute that broadly regulates the use of automated telephone equipment. Among other things, the TCPA prohibits certain unsolicited marketing calls, restricts the use of automatic

dialers or prerecorded messages, and delegates rulemaking authority to the Federal Communications Commission ("FCC").

2. Count II of Plaintiffs' Complaint is based upon Kentucky Consumer Protection Act ("KCPA"), at KRS 367.170, which forbids unfair, false, misleading or deceptive acts in trade or commerce.

3. Count III of Plaintiff's Complaint is based upon the Invasion of Privacy - Intrusion upon Seclusion, as derived from § 652B of the Restatement (Second) of Torts. § 652B prohibits an intentional intrusion, "physically or otherwise, upon the solitude or seclusion of another or his private affairs or concerns… that would be highly offensive to a reasonable person."

## JURISDICTION AND VENUE

4. Plaintiffs reside in the State of Kentucky, and therefore, personal jurisdiction is established.

5. Jurisdiction of the court arises under 28 U.S.C. § 1331, 47 U.S.C. § 227.

6. Venue is proper pursuant to 28 U.S.C. 1391(b)(2) in that a substantial part of the events or omissions giving rise to the claim occurred in this District. Because Defendant transacts business here, personal jurisdiction is established.

## PARTIES

7. Plaintiffs are natural persons residing in Fordsville, Ohio County, Kentucky.

8. Defendant is a servicer of unsecured consumer debt with its headquarters located in Las Vegas, NV and regularly transacts business throughout the United States

and Kentucky. Defendant may be served with process at its registered agent Stan Mullis, located at 1 South Main Street, Las Vegas, Nevada 89101.

## FACTUAL ALLEGATIONS

9. Defendant is attempting to collect a debt from Plaintiffs.

10. On or about August 2016, Defendant began placing calls to Plaintiffs' cellular phone numbers 270-363-1313 and 270-363-9895, in an attempt to collect an alleged debt.

11. The calls came from the following telephone numbers: (702) 489-7385; upon information and belief this number is owned or operated by Defendant.

12. On or around September 9, 2016, at approximately 3:44 p.m., Plaintiff, Magdalena Miller, answered a collection call from Defendant; Plaintiff heard a pause before the collection agent began to speak, indicating the use of an automated telephone dialing system.

13. Defendant informed Plaintiff that it was attempting to collect a debt.

14. Plaintiff instructed Defendant not to contact her any further.

15. On or around October 17, 2016, at approximately 2:07 p.m., Plaintiff, Michael Miller, answered a collection call from Defendant; Plaintiff heard a pause before the collection agent began to speak, indicating the use of an automated telephone dialing system.

16. Defendant informed Plaintiff that it was attempting to collect a debt.

17. Plaintiff instructed Defendant not to contact him any further.

18. Between March 16, 2017 to May 11, 2017, Plaintiffs received approximately 50 calls made by the Defendant to the Plaintiffs' cellular phone after both Plaintiffs requested not to be contacted.

19. Upon information and belief, approximately 72 calls were made by the Defendant to the Plaintiffs' cellular phone since Plaintiff first requested the calls to cease.

20. The Federal Communications Commission ("FCC") noted in its 2003 TCPA Order that a predictive dialer is "equipment that dials numbers and, when certain computer software is attached, also assists telemarketers in predicting when a sales agent will be available to take calls. The hardware, when paired with certain computer software, has the capacity to store or produce numbers and dial those numbers at random, in sequential order, or from a database of numbers." *2003 TCPA Order*, 18 FCC Rcd at 14091, para. 131.

21. The FCC further explained that the "principal feature of predictive dialing software is a timing function, not number storage or generation." *Id.*

22. Finally, the FCC stated that "a predictive dialer falls within the meaning and statutory definition of 'automatic telephone dialing equipment' and the intent of Congress." *Id.* At 14091-92, paras. 132-33

23. The conduct was not only willful, but done with the intention of causing Plaintiffs such distress, so as to induce his to pay the debt.

24. Plaintiff, Michael Miller, suffers from PTSD, anxiety and depression, these calls induced his symptoms causing his medication intake to increase.

25. Plaintiff, Magdalena Miller, received calls while at work, causing her to become distracted and embarrassment at the workplace, Plaintiff had to silence her phone at work, to stop the disruptions.

26. As a result of Defendant's conduct, Plaintiffs sustained actual damages, including but not limited to, emotional and mental pain and anguish.

## COUNT I

### (Violations of the TCPA, 47 U.S.C. § 227)

27. Plaintiffs incorporates by reference all of the above paragraphs of the Complaint as though fully stated herein.

28. Defendant violated the TCPA.  Defendant's violations include, but are not limited to the following:

   a) Prior to the filing of the action, on multiple occasions, Defendant violated TCPA 47 U.S.C. § 227 (b)(1)(A)(iii) which states in pertinent part, "It shall be unlawful for any person within the United States . . . to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice — to any telephone number assigned to a . . . cellular   telephone service . . . or any service for which the called party is charged for the call.

   b) Within four years prior to the filing of the action, on multiple  occasions, Defendant willfully and/or knowingly contacted Plaintiffs at   Plaintiffs' cellular telephone using an artificial prerecorded voice or an   automatic

telephone dialing system and as such, Defendant knowing and/or willfully violated the TCPA.

29. As a result of Defendant's violations of 47 U.S.C. § 227, Plaintiffs are entitled to an award of five hundred dollars ($500.00) in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B). If the Court finds that Defendant knowingly and/or willfully violated the TCPA, Plaintiffs are entitled to an award of one thousand five hundred dollars ($1,500.00), for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## COUNT II

### (Violation of KCPA, KRS 367.220)

30. Plaintiffs incorporates herein by reference all of the above paragraphs of the complaint as though fully set forth herein at length.

31. KRS 367.170 forbids unfair, false, misleading or deceptive acts in trade or commerce.

32. The barrage of phone calls constitutes unfair collections practices and caused Plaintiffs to suffer emotional distress.

33. Plaintiffs are entitled to damages, punitive damages, and attorney's fees for the violation by Defendant, pursuant to KRS 367.220

//

//

//

## COUNT III

### (Defendant's Invasion of Privacy

### (Intrusion upon Seclusion)

34. Plaintiff incorporates herein by reference all of the above paragraphs of this complaint as though fully set forth herein at length.

35. Defendant violated Plaintiff's privacy. Defendant's violations include, but are not limited to, the following:

    a) Defendant intentionally intruded, physically or otherwise, upon Plaintiff's solitude and seclusion by engaging in harassing phone calls in an attempt to collect on an alleged debt despite numerous requests for calls to cease.

    b) Defendant's conduct would be highly offensive to a reasonable person as Plaintiff received calls that often disrupted Plaintiff's operation of his businesses.

    c) Defendant's acts, as described above, were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

36. As a result of Defendant's violations of Plaintiff's privacy, Defendant is liable to Plaintiff for actual damages. If the Court finds that the conduct is found to be egregious, Plaintiff may recover punitive damages.

**WHEREFORE**, Plaintiffs, Michael Miller and Magdalena Miller, husband and wife, respectfully request that judgment be entered against Defendant, TLC Resorts Vacation Club, LLC, for the following:

    A. Punitive damages as allowed by KRS 367.170, et seq.;

B. Statutory damages pursuant to 47 U.S.C. § 227(b)(3)(C);

C. Costs and reasonable attorneys' fees pursuant to KRS 367.170, et seq.;

D. Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law; and

E. Any other relief that the Honorable Court deems appropriate.

RESPECTFULLY SUBMITTED,

Dated: May 9, 2018

By: /s/ STEFANIE EBBENS KINGSLEY
STEFANIE EBBENS KINGSLEY LAW
100 N. MAIN STREET, SUITE 300
CORBIN, KY 40701
(606) 261-2240 OFFICE
(606) 260-2565 CELL
stefanie@sek-law.com
Attorney for Plaintiffs,
Michael Miller and Magdalena Miller